UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GUILLERMO ANTONIO PASOS HERNANDEZ,

Petitioner,

v.

WARDEN OF ADELANTO DETENTION FACILITY, *et al.*,

Respondents.

Case No. 5:26-cv-00371-FLA (SP)

**ORDER ACCEPTING AND ADOPTING IN PART REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE [DKT. 15]**

On January 28, 2026, Petitioner Guillermo Antonio Pasos Hernandez ("Petitioner," A# 201-471-255), filed a Petition for Writ of *Habeas Corpus* ("Petition," Dkt. 1), asserting two claims for *habeas* relief:[1] (1) violation of Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a) ("§ 1226(a)");[2] and (2) violation of the Due Process Clause of the Fifth Amendment based on the government's failure to provide Petitioner with an individualized bond hearing under § 1226(a). Dkt. 1 at 8–14.[3] The Prayer for Relief requests the court:

> (1) Assume jurisdiction over this matter.
>
> (2) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.
>
> (3) Declare that Petitioners' detention violates the Immigration and Nationality Act and Due Process Clause of the Fifth Amendment.
>
> (4) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately.
>
> (5) Enjoin Respondents from further unlawfully detaining Petitioners.
>
> (6) Grant a writ of habeas corpus ordering Respondents to immediately release Petitioners from custody.
>
> (7) In the alternative, grant a writ of habeas corpus ordering Respondents to immediately release Petitioners from custody under reasonable conditions of supervision.

---

[1] The Petition labels Petitioner's two claims for relief as counts one and three, and Petitioner's request for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, as count four. Dkt. 1 at 8–14. Only two actual claims for relief are pleaded in the Petition.

[2] Although Petitioner titled the first claim for relief as a claim for violation of 8 U.S.C. § 1231(a)(6) ("§ 1231(a)(6)"), Petitioner did not plead any facts or present any argument regarding § 1231, and argued instead that his detention violated § 1226(a). *See* Dkt. 1 at 8. The court, therefore, construes this claim for relief as a claim for violation of § 1226(a)—not § 1231(a)(6).

[3] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

> (8) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law and
>
> (9) Grant any further relief this Court deems just and proper.

Dkt. 1 at 14–15 (errors in original).

On February 20, 2026, Petitioner filed a Request for Status Report, stating U.S. Immigration and Customs Enforcement ("ICE") effectuated his removal to the United Mexican States ("Mexico") on February 16, 2026, even though an Immigration Judge granted Petitioner Withholding of Removal to the Republic of Nicaragua ("Nicaragua") on June 13, 2023. Dkt. 5. On March 2, 2026, Respondents filed a Response, arguing the Petition was moot in light of Petitioner's removal from the United States. Dkt. 8 at 3. The assigned Magistrate Judge subsequently authorized and received additional briefing by the parties. Dkts. 9 through 14.

On August 15, 2026, the Magistrate Judge issued a Report and Recommendation ("Report," Dkt. 15), recommending in relevant part that this court find Petitioner's initial claims for relief moot due to Petitioner's removal to Mexico. Dkt. 15 at 6–7.[4] Petitioner objects and argues the Petition is not moot because this court may order Respondents to: (1) facilitate his return to the United States, (2) restore Petitioner to the position he occupied before the removal, (3) provide written notice of the government's negative credible fear determination as to Mexico, (4) allow Petitioner to seek review of the negative credible fear determination by an Immigration Judge, and (5) refrain from executing any further removal until the required process is completed. Dkt. 17 at 2.

Pursuant to 28 U.S.C. § 636, the court has reviewed the Petition (Dkt. 1), the Report (Dkt. 15), Petitioner's Objections (Dkt. 17), and all relevant portions of the record. After conducting a *de novo* review of those portions of the Report to which

---

[4] The court incorporates by reference the Background section of the Report (Dkt. 15 at 3–6) into this Order.

Petitioner has objected, the court ACCEPTS and ADOPTS in part the findings and recommendation of the Magistrate Judge.

A writ of *habeas corpus* may be granted to any petitioner who demonstrates "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[A]t its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Rasul v. Bush*, 542 U.S. 466, 474 (2004). The petitioner "bears the burden of demonstrating that he is in custody in violation of the Constitution or laws or treaties of the United States." *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1159 (S.D. Cal. 2025) (cleaned up).

The undisputed evidence in the record establishes ICE Enforcement and Removal Operations ("ERO") served Petitioner with a Notice of Removal to Mexico on January 12, 2026. Report at 4. Petitioner expressed a fear of being deported to Mexico the following day. *Id.* Petitioner, however, did not state these facts in the Petition, assert a claim for relief based on the Notice of Removal to Mexico, or request the court enjoin his removal to Mexico, despite filing the Petition more than two weeks after receiving the Notice of Removal. *See* Dkt. 1. The Petition requests only that the court: (1) declare his detention violates the INA and Due Process Clause of the Fifth Amendment; (2) order Respondents to release Petitioner from detention immediately; (3) enjoin Respondents from further detaining Petitioner unlawfully; and (4) award Petitioner attorney's fees and costs under the EAJA. *Id.* at 14–15.

Accordingly, the court AGREES WITH and ADOPTS the Magistrate Judge's recommendation that Petitioner's claims for relief are moot in light of his release from custody and removal to Mexico, since Petitioner has received all relief requested in the Petition. *See* Dkt. 15 at 6–7. Petitioner has neither requested nor received leave to

file an amended Petition or assert additional claims for relief. The court, therefore, DECLINES to adopt the Magistrate Judge's recommendations regarding whether Respondents violated Petitioner's Withholding of Removal to Nicaragua by removing him to Mexico, as this issue is beyond the scope of the subject *habeas* proceedings.[5]

For the aforementioned reasons, the court DENIES the Petition as moot in light of Petitioner's release from custody and removal to Mexico.

IT IS SO ORDERED.

Dated: September 2, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge

[5] The court further notes that Petitioner's asserted claims for relief fail on their substantive merits, since § 1226(a) only applies to aliens who are "arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). It is undisputed that Petitioner was ordered removed to Nicaragua on May 9, 2019, and actually removed to that country on July 3, 2019. Dkt. 15 at 4. Petitioner subsequently re-entered the United States on December 22, 2020, without authorization, and was removed to Nicaragua again on January 21, 2021. *Id.* Pursuant to § 1231(a)(5), the final order of removal was reinstated after his most recent unauthorized reentry into the United States. *See* Dkt. 15 at 4. Petitioner's claims for relief, thus, are deficient on the face of the Petition, as Petitioner is not subject to § 1226(a) and was not deprived of due process under that statute.